UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. **08 MJ 0186** |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Ruben RUVALCABA-Morales,** | Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **January 18, 2008,** within the Southern District of California, defendant, **Ruben RUVALCABA-Morales,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **22nd** DAY OF **JANUARY 2008.**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Ruben RUVALCABA-Morales

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On January 18, 2008, SIG/CAS Agents conducted surveillance at the 300 block of Mollison Ave. in El Cajon, California, based on information received that a previously deported aggravated felon later identified as the defendant RUVALCABA-Morales, Ruben was back in the United States illegally and possibly living at the afore mentioned address. At approximately 12:25 pm, Agents Roozen and Cacho knocked on the front door in an attempt to make contact with the defendant. The mother of the defendant answered the door. Agents Roozen and Cacho identified themselves as United States Border Patrol Agents verbally and by clearly displaying their badges. Agent Roozen asked the female if the defendant was there in the apartment. The female stated "no." Agent Roozen then asked her if he could search the apartment for the defendant. The female said "yes" and began to give Agents Roozen and Cacho a guided tour of the apartment. Upon reaching one of the rear bedrooms, Agent Roozen saw what appeared to be a full grown man attempting to hide himself in a closet. The closet did not have any doors to obstruct Agent Roozen's view. Agent Roozen and Cacho ordered the man out of the closet for safety reasons. The subject responded and came out of the closet without incident. Agents Roozen and Cacho then positively identified the subject as the defendant. Agents questioned the defendant as to his identity and his immigration status. The defendant stated that he was in fact Ruben RUVALCABA-Morales. Agents questioned him about his citizenship and nationality. The defendant stated that he was born in Jalisco, Mexico. Agents then questioned the defendant if he had any immigration documents that would allow him to enter or remain in the United States legally. The defendant stated that he did not. At approximately 12:30 pm, the defendant was arrested and transported to the Chula Vista Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **December 26, 2007**, through **San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights, which he stated he understood and was willing to answer questions without having an attorney present. The defendant stated that he is a citizen and national of Mexico not in possession of any immigration documents that would allow him to be or remain in the United States legally.

**Executed on January 19, 2008 at 10:00 a.m.**

_____
Carlos R. Chavez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page, I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **January 18, 2008**, in violation of Title 8, United States Code, Section 1326.

_____     1/19/08 @ 3:05 p.m.
Jan M. Adler                                          Date/Time
United States Magistrate Judge